UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD E. GALLEGOS,

        Plaintiff,

                                       CASE NO. 1:10-cv-448

v.

                                       HON. ROBERT J. JONKER

CITY OF BATTLE CREEK,

        Defendant.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 111) and Plaintiff's Objections to it (docket # 113).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Defendant's Motion for Summary Judgment and Dismissal (docket # 71) be granted, and Plaintiff's Motion for Summary Judgment (docket # 75) be denied.  Plaintiff raises multiple objections to the Report and Recommendation (docket # 113), but none of the objections undermine the conclusion

of the Magistrate Judge.  After a de novo review of the record, the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation (docket # 111), **GRANTS** Defendants' Motion for Summary

Judgment and Dismissal (docket # 71), and **DENIES** Plaintiff's Motion for Summary Judgment

(docket # 75).

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation.  First,

Plaintiff objects to the conclusion that "Plaintiff did not establish facts giving rise to a continuing

violations exception to the statute of limitations."  (docket # 113, at 9.)  Plaintiff argues that "the

'zoning' wrong started in 2004 with Defendant disregarding its own rules by requiring Plaintiff to

secure special land use approval as opposed to allowing him the rightful use of his building as the

use . . . was permitted as of right."  Plaintiff concludes that the alleged incidents of discrimination

and retaliation that followed were continuations of the 2004 zoning decision, thereby tolling the

statute of limitations under *Gordon v. City of Warren*, 579 F.2d 386, 392 (6th Cir. 1978), and its

progeny.  (*Id.* at 9-10.)

Plaintiff's argument is unpersuasive.  "A continuing violation in a § 1983 action occurs when

there are continued unlawful acts, not by continued ill effects from the original violations."  *Kovacic*

*v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010).  In this

matter, Defendant issued a Notice of Violation on February 12, 2004 to then-owner Marvel Smith,

stating that the property at issue was "being used for assembly purposes in violation of the State of

Michigan Building Code, section 110," and that the property could not be used in such a manner

until "a certificate of occupancy . . . [was] issued for the new use."  (docket # 111, at 25.)  As the

Magistrate Judge correctly notes, Plaintiff had reason to know of Defendant's alleged violation in

2004, and the other "official actions" of which Plaintiff complains "are not a continuation of that

alleged unlawful act, but, at most, the 'continued ill effects from the original violation.'" (*Id.* at 27.)

Therefore, the three-year statute of limitations applies to this matter, and any claims that accrued before May 10, 2007, are barred as a result.[1]

Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendant's handling of the parking lot licensing agreement did not provide a basis for his Equal Protection and Due Process claims.   (docket # 113, at 13.)  Plaintiff argues that the facts do not evidence "a situation where the parties were negotiating the license for three years," but rather illustrate an instance of targeted, discriminatory conduct that violated Plaintiff's constitutional rights. (*Id.*)  In support of this position, Plaintiff notes that he executed a copy of the licensing agreement on November 22, 2006 (docket # 116-3), Defendant did not execute it until April 6, 2009 (docket # 116-4), and that the delay provides clear evidence of Defendant's "unequal treatment" of Plaintiff.

The record does not support Plaintiff's theory as to the submission and negotiation of the licensing agreement.  The Court does not dispute that Plaintiff signed the proposed licensing agreement on November 22, 2006.  As the Magistrate Judge noted, however, Plaintiff "does not provide further explanation for the disposition of this document," and there is no indication that the license was ever submitted to Defendant until November 17, 2008. (docket # 111, at 34 n.12.)  The record indicates that the license was the subject of negotiations between the parties, as evidenced by the marked difference between the November 22, 2006 draft and the April 6, 2009, executed agreement, and that Defendant did not in any way "single out" Plaintiff by failing the execute the

---

[1] Plaintiff's argument that "the Magistrate erred by ignoring the testimony of the City Planner who admitted that Plaintiff's use was permitted as of right" is without merit. (docket # 113, at 6.) The Magistrate Judge did not "ignore" this fact, but rather determined that any violation that occurred as a result of the City Manager's decision accrued in 2004.  Therefore, even if Plaintiff's use was permitted as of right, his cause of action is barred by the statute of limitations.

license agreement in a timely manner. (*Id.* at 33-34.) Consequently, the Court adopts the Magistrate

Judge's conclusion that Defendant is entitled to summary judgment on his Equal Protection claim.

Third, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to raise any

genuine issues of material fact as to his Equal Protection claims.  (docket # 113, at 14.)  Plaintiff

argues that other property owners in the area with similar types of property that changed uses

received "virtually no violations, certificates for occupancy, or certificates of use," whereas Plaintiff

was subject to "different enforcement, regulation . . . and . . . numerous delays." (*Id.* at 19-20.)

Plaintiff concludes that Defendant treated him differently with no rational reason for doing so,

thereby violating his Equal Protection and Due Process rights under the Constitution.  (*Id.*)  For the

reasons set forth above, however, any claim accruing before May  10, 2007, is barred by the statute

of limitations.  Therefore, the only remaining allegedly wrongful act involved Defendant's actions

related to the parking lot licensing agreement.  Because Defendant's alleged actions regarding the

licensing agreement do not support the Equal Protection claim, Plaintiff's third objection is similarly

unpersuasive.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate

Judge, filed March 1, 2012 (docket # 111), is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment and

Dismissal (docket # 71) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (docket # 75)

is **DENIED**.

This case is now closed.


Dated:   March 27, 2012                            /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE